UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> GUY ATKINS a.k.a. Ghani Ahsan, <br> Defendant. | 2:05-cr-0090-LRH-LRL <br><br> <u>ORDER</u> |

Before the court is defendant Guy Atkins's ("Atkins") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #170.[1]

Also before the court are Atkins's application to proceed *in forma pauperis* (Doc. #171); motion for sentencing transcripts (Doc. #172); and renewed application to proceed *in forma pauperis* (Doc. #173).

**I.   Facts and Procedural History**

On January 21, 2010, Atkins pled guilty to conspiracy in violation of 18 U.S.C. § 371 and bank fraud in violation of 18 U.S.C. § 1344. Doc. #145. Atkins was subsequently sentenced to seventy one (71) months incarceration and did not appeal. Doc. #158. Thereafter, on April 11, 2011, Atkins filed the present motion to vacate pursuant to 28 U.S.C. §2255. Doc. #170.

---

[1] Refers to the court's docket number.

**II.     Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Atkins argues that his counsel was constitutionally ineffective at his sentencing because counsel failed to object to a two (2) point enhancement for being an organizer of the criminal enterprise and failed to argue for a three (3) point reduction for acceptance of responsibility in place of the two (2) point reduction he received. *See* Doc. #170.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

After reviewing the documents and pleadings on file in this matter, the court finds that Atkins has failed to establish that his counsel's performance was constitutionally ineffective.

Atkins fails to provide any basis for his claim that he was not an organizer of the criminal enterprise and therefore entitled to the two (2) point enhancement. Rather, Atkins simply argues that counsel should have objected to this enhancement but fails to identify on which grounds his counsel could have objected or that such an objection would have been sustained and the two (2) point enhancement not applied to his sentence. Further, Atkins fails to provide any basis for his claim that he was entitled to a three (3) point, rather than two (2) point, reduction for acceptance of responsibility. Thus, Atkins has failed to establish that his claims are anything but frivolous. Therefore, based upon the record before the court, the court finds that Atkins has not established that his counsel was constitutionally ineffective at sentencing. Accordingly, the court shall deny his motion to vacate, set aside, or correct sentence as untimely.

IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #170) is DENIED.

IT IS FURTHER ORDERED that defendant's application to proceed *in forma pauperis* (Doc. #171) is GRANTED.

IT IS FURTHER ORDERED that defendant's motion for sentencing transcripts (Doc. #172) and renewed application to proceed *in forma pauperis* (Doc. #173) are DENIED as moot.

IT IS SO ORDERED.

DATED this 10th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE