1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                         * * *

9   UNITED STATES OF AMERICA          )
                                       )
10                  Plaintiff,         )            2:05-cr-0090-LRH-LRL
                                       )
11   v.                                )
                                       )            ORDER
12   GUY ATKINS a.k.a. Ghani Ahsan,    )
                                       )
13                  Defendant.         )
    _____)

14

15          Before the court is defendant Guy Atkins's ("Atkins") motion to reconsider the court's

16   denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255

17   (Doc. #177[1]). Doc. #178.

18   **I.     Facts and Procedural History**

19          On January 21, 2010, Atkins pled guilty to conspiracy in violation of 18 U.S.C. § 371 and

20   bank fraud in violation of 18 U.S.C. § 1344. Doc. #145. Atkins was subsequently sentenced to

21   seventy one (71) months incarceration and did not appeal. Doc. #158.

22          On April 11, 2011, Atkins filed a motion to vacate pursuant to 28 U.S.C. §2255

23   (Doc. #170) which was denied by the court (Doc. #177). Thereafter, Atkins filed the present motion

24   for reconsideration of the court's order. Doc. #178.

25

26

    _____

        [1] Refers to the court's docket number.

**II.     Discussion**

Atkins brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's prior order is not warranted. In his motion, Atkins simply states the court's order was in error without identifying any legal or factual basis for this claim. As such, Atkins has failed to identify any actual error in the court's prior order. Therefore, the court finds that Atkins has failed to meet his burden for reconsideration under Rule 59(e) and the court shall deny it accordingly.


IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #178) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE